UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME LEDESMA ZEPEDA,<br><br>    Petitioner,<br><br>    v.<br><br>W. J. SULLIVAN, Warden, and JAMES E. TILTON, Secretary, Department of Corrections and Rehabilitation,<br><br>    Respondents.<br>_____/ | No. C 03-5668 PJH (PR)<br><br>**ORDER DENYING PETITIONER'S MOTION TO AMEND JUDGMENT AND MOTION TO EXPEDITE** |

    This is a habeas corpus case filed pro se by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner has filed a motion to reconsider the denial of his habeas petition and a motion to expedite ruling on the motion to reconsider.

    In the motion to reconsider petitioner contends that the court erred in denying his motion for an evidentiary hearing because he had failed to carry his burden to show due diligence in attempting to develop the facts in state court. *See Speitzer v. Schomig*, 219 F.3d 639, 648-49 (7th Cir. 2000) (petitioner's burden to show due diligence). He contends that contrary to the court's conclusion that he had provided only a conclusory allegation that he had attempted to develop the facts in state court, he had alleged that he asked for an evidentiary hearing in the court of appeal and had alleged that both the petition and his request for an evidentiary hearing were denied. He is correct that he did make those allegations. Mot. Evidentiary Hr'g at 2.

    It is arguable that petitioner's allegations were not conclusory, although in the motion he does not provide information such as the date of the motion and does not provide a copy of it or the docket sheet. But whether or not the allegation was conclusory would

1 make no difference to the outcome, because in the motion for hearing petitioner does not
2 provide even a conclusory allegation that he attempted to obtain an evidentiary hearing in
3 superior court or the supreme court.  Even taking the allegations of the motion as true, they
4 are insufficient to show due diligence.  *See Williams (Michael) v. Taylor*, 529 U.S. 420, 437
5 (2000) (diligence requires, at a minimum, attempt to obtain an evidentiary hearing in state
6 court).

7     In addition, the various ineffective assistance claims were denied because
8 petitioner's allegations did not establish ineffective assistance, assuming their truth;
9 because his legal theories were incorrect; and in some cases for lack of prejudice.  Ruling
10 at 7-23.  It therefore is clear that petitioner did not allege facts sufficient to require relief to
11 be granted if proved to be true, because the court rejected the claims on assumed facts or
12 for reasons not dependent on the facts.  *See Earp v. Ornoski*, 431 F.3d 1158, 1167 (9th
13 Cir. 2005) (to trigger a right to an evidentiary hearing, among other things petitioner must
14 allege "'specific facts which, if true, would entitle him to relief.'") (quoting *Ortiz v. Stewart*,
15 149 F.3d 923, 934 (9th Cir. 1998)).  Petitioner's other arguments in the motion to
16 reconsider also are without merit.

17     For these reasons, the motion to reconsider (document number 39 on the docket) is
18 **DENIED**.  The motion to expedite (document number 40) is **DENIED** as moot.

19     **IT IS SO ORDERED.**
20 Dated:  September 30, 2008.
21     PHYLLIS J. HAMILTON
    United States District Judge

28 G:\PRO-SE\PJH\HC.03\ZEPEDA668.REC.wpd