UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAIME LEDESMA ZEPEDA,

    Petitioner,

    v.

W. J. SULLIVAN, Warden, and JAMES E. TILTON, Secretary, Department of Corrections and Rehabilitation,

    Respondents.

No. C 03-5668 PJH (PR)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

This is a habeas case under 28 U.S.C. § 2254 filed pro se by a state prisoner. The court denied the petition, and then denied a timely motion to reconsider. Petitioner has filed a notice of appeal, a motion for a certificate of appealability ("COA"), a motion for leave to proceed in forma pauperis on appeal, and a motion for administrative relief.

**DISCUSSION**

**A.    Motion for Administrative Relief**

Petitioner has filed a motion to be exempted from the twenty-five page limit of Local Rule 7-4(b). *See* Habeas L.R. 2254-1 (civil local rules applicable in habeas cases to extent not inconsistent with habeas local rules). He asks leave to file a 146-page "Memorandum of Points and Authorities in Support of Factual Showing/Substantial Showing – Violation of Constitutional Rights." He says that he intends this as support for his motion for a COA. There is no reason why such a lengthy memorandum in support of a COA motion is needed, and the memorandum essentially reargues points which either were raised or should have been raised earlier. The motion to exceed the page limit will be denied and the memorandum will not be filed. The court notes that the motion for a COA itself contains

a summary of petitioner's arguments for granting a COA, so striking the memorandum does not prevent consideration of petitioner's arguments.

**B.    Motion for COA**

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal).  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The certificate must indicate which issues satisfy this standard.  *See id.* § 2253(c)(3).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000).

Petitioner's motion for a COA refers to the petition as having been "summarily denied," but that is not the case; the decision was made after full briefing.  And his other arguments are either irrelevant or wrong.  For the reasons set out in the order denying the petition, jurists of reason would not find the result debatable or wrong.  Petitioner's request for a certificate of appealability will be denied.

**C.    IFP on Appeal**

In view of the denial of a COA, petitioner's motion to proceed IFP on appeal will be denied without prejudice to renewing the motion in the court of appeals if it grants a COA.

**CONCLUSION**

Petitioner's motions for administrative relief (document number 50 on the docket), for a COA (document 47), and for leave to proceed IFP on appeal (document 49) are **DENIED**.  The memorandum (document 51) shall, however, remain on the docket as an electronic "received" document to make a record.

The clerk shall transmit the file, including a copy of this order, to the Court of Appeals.  *See* Fed. R.App.P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir.

1  1997).  Petitioner may then ask the Court of Appeals to issue the certificate, *see* R.App.P.
2  22(b)(1), or if he does not, the notice of appeal will be construed as such a request, *see*
3  R.App.P. 22(b)(2).

**IT IS SO ORDERED.**

Dated:  November 7, 2008.

PHYLLIS J. HAMILTON
United States District Judge

28  G:\PRO-SE\PJH\HC.03\ZEPEDA668.COA.wpd